1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on**    8/5/05   

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. C-04-03832  RMW<br><br>ORDER GRANTING SUMMARY<br>JUDGMENT IN FAVOR OF PLAINTIFF<br><br>**[Re Docket Nos. 21, 34]** |

      Plaintiff Hewlett Packard Company ("HP") moves for summary judgment that it is entitled to a refund of federal communications excise taxes in the amount of $6,385,671.86 paid by HP and its predecessor, Compaq Computer Corporation ("Compaq") for taxable quarters ending March 31, 1999 through December 31, 2002.  Specifically, it moves for summary judgment that the long distance service purchased by HP and Compaq is not subject to taxation under 26 U.S.C. §§ 4251 and 4252.  The United States of America ("IRS") opposes the motion and moves for summary judgment against HP.  The court has read the moving and responding papers and considered the arguments of counsel.  For the reasons set forth below, the court grants HP's motion for summary judgment.

## I.  BACKGROUND

      Plaintiff HP is a Delaware corporation with its principal place of business in Palo Alto, California.  In May 2002, HP acquired Compaq.  Brennan Decl. ¶ 3.  During the taxable period from January 1, 1999 though December 31, 2002, HP and Compaq purchased telecommunications services pursuant to

1  contracts with AT&T, MCI, and Sprint.  In accord with the terms of these contracts, HP and Compaq

2  were charged on a per-minute basis for elapsed transmission time.  The charges did not depend on the

3  distance of each communication.  Blesi Decl. ¶¶ 3-5; Webb Decl. ¶¶ 2-4.  The contracts did not entitle HP

4  and Compaq to make an unlimited number of calls within a specified geographic region for a flat or periodic

5  fee.  Blesi Decl. ¶ 6; Webb Decl. ¶ 6.

6       HP paid federal communications excise taxes of $4,560,280.91 for taxable periods from July 1,

7  1999 though June 30, 2002.  On June 14, 2002, HP filed timely claims for refunds, which were denied.

8  Brennan Decl. ¶¶ 6-7.  Compaq paid communications excise taxes of $1,825,390.95 for taxable periods

9  from January 1, 1999 though December 31, 2002.  Webb Decl. ¶ 7.  On February 25, 2002 and March

10  14, 2003, Compaq filed timely claims for refunds, which were denied.  Brennan Decl. ¶¶ 8-9.

11       On October 18, 2004, HP filed an amended complaint seeking a refund in the amount of

12  $6,385,671.86 for the total amount of disputed excise taxes paid by HP and Compaq plus statutory

13  interest.  The IRS filed a timely answer to the amended complaint denying plaintiff's entitlement to the

14  refund.

15  ## II.  ANALYSIS

16       The IRS argues that the telephone services purchased by HP and Compaq during the taxable periods

17  referenced above were subject to an excise tax either as "toll telephone service" in accord with either Internal

18  Revenue Code section 4252(b) or as "local" service in accord with section 4252(a).  26 U.S.C. § 4252.  HP

19  argues that the services purchased were not subject to the excise tax because they constituted neither "toll

20  telephone service" nor "local" service within the meaning of the statute.  Both parties move for summary

21  judgment.

22  **A.    Standards**

23       Summary judgment is proper when there are no genuine issues as to any material fact and the moving

24  party is entitled judgment as a matter of law.  *See* Fed R. Civ. P. 56(c).  The parties agree that there are no

25  genuine issues of material fact in dispute, and move for summary judgment based on the applicable statutes.

26  Statutory interpretation is a question of law:

27      [S]tatutory ambiguity cannot be determined by referring to the parties'
   interpretations of the statute. Of course their interpretations differ. That is why they

28      are in court. . . .  Whether a statute is ambiguous is a pure question of law to be

ORDER GRANTING PLAINTIFF SUMMARY JUDGMENT— C-04-03832 RMW
JED                      2

1    determined by the courts, however, not by the parties or by an administrative

2    agency.

3    *John v. United States,* 247 F.3d 1032, 1041 (9th Cir. 2001) (citations omitted).

       **B.    Statutory Definition of "Toll Telephone Service"**

4    Section 4252(b) defines "toll telephone service" as follows:

5        (1) a telephonic quality communication for which (A) there is a toll charge which

6        varies in amount with the distance and elapsed transmission time of each individual
         communication and (B) the charge is paid within the United States, and

7        (2) a service which entitles the subscriber, upon payment of a periodic charge
         (determined as a flat amount or upon the basis of total elapsed transmission time),

8        to the privilege of an unlimited number of telephonic communications to or from all
         or a substantial portion of the persons having telephone or radio telephone stations

9        in a specified area which is outside the local telephone system area in which the
         station provided with this service is located.

10

11   26 U.S.C. § 4252(b).

12       HP argues that the long distance services purchased by itself and Compaq are not subject ot the excise

13   tax because they do not constitute "toll telephone service" under either definition: first, because the charges

14   imposed on the services did not vary based on distance, as required by the plain language of section

15   4252(b)(1), and second, because the services at issue were not flat-rated for unlimited usage as required by

16   section 4252(b)(2).

17                **1.    Section 4252(b)(1)**

18       HP argues that within the plain meaning of section 4252(b)(1), the word "and" is unambiguous,

19   therefore charges must vary based on both elapsed time and distance in order to be taxable.  *See*

20   *American Bankers Ins. Group v. United States,* 408 F.3d 1328, 1333 (11th Cir. 2005).  HP argues that

21   since the charges to HP and Compaq did not vary based on distance, they do not constitute "toll telephone

22   service" within the meaning of the code and are therefore not subject to the excise tax.  26 U.S.C. §

23   4252(b)(1).

24       The IRS argues that the word "and" is ambiguous, and may be read disjunctively as a "reference to

25   either or both of two alternatives."  *Webster's Third New International Dictionary* 80 (1966).  Thus, the

26   IRS argues, "in the construction of statutes, it is the duty of the court to ascertain the clear intention of the

27   legislature.  In order to do this, courts are often compelled to construe 'or' as meaning 'and,' and again 'and'

28   as meaning 'or.'"  *United States v. Fisk,* 70 U.S. 445, 447 (1865).  The IRS urges the court to follow the

1  reasoning of *Slodov v. United States,* in which the court held that the word "and" could be read either

2  conjunctively or disjunctively with regard to another portion of the Internal Revenue Code and then rejected

3  the taxpayer's conjunctive reading of "and" as inconsistent with the statute's purpose.  436 U.S. 238, 247

4  (1978).

5        This court agrees with the numerous other courts that have held the word "and" in section

6  4252(b)(1) is unambiguously conjunctive.[1]

7           Unless the context dictates otherwise, the word 'and' is presumed to be used in its
           ordinary sense, that is, conjunctively.  *Crooks v. Harrelson,* 282 U.S. 55, 58
8           (1930) (construing the tax statute and concluding that 'nothing in the context or in
           other provisions of the statute warrant the conclusion that the word 'and was used
9           otherwise than in its ordinary sense [, conjunctively]; and to construe the clause
           [disjunctively,] would be to add a material element . . ., and thereby to create, not
10          to expound, a provision of law'). . . .  [T]here is nothing in the statutory context [of
           section 4252(b)(1)] to suggest that 'and' is used in the provision as meaning 'or.'
11          The phrase is unambiguous.  The plain meaning is clear – 'and' is used
           conjunctively.

12 *American Bankers,* 408 F.3d at 1332.

13        The IRS also argues that the word "distance" is ambiguous in the statute and may be synonymous

14 with "toll rate."  Opp. at 8-9.  However, as plaintiff notes, the IRS later acknowledges that at the time

15 section 4252(b)(1) was enacted, "distance" and conjunctively "elapsed time" were used to calculate the toll

16 charge:

17           In 1965, the charge for all long-distance calls, other than WATS calls, was
18          calculated by multiplying a distance toll rate (derived from mileage bands that the
           call crossed) and the elapsed transmission time of the call. . . .  [V]ariation in
19          distance alone would not necessarily have caused a variation in charge.  The
           variation between charges results from the product of the distance toll rate and the
20          elapsed transmission time as a mathematical function, not from a variation in the
           distance or in the distance toll rate.

21
22 Opp. at 10.  Because the IRS acknowledges that distance was a factor used to calculate the "toll rate," it

23 does not follow that "distance" is synonymous with "toll rate."

---

24        [1]    *See Office Max, Inc. v. United States,* 309 F. Supp. 2d 984 (N.D. Ohio 2004); *Fortis, Inc. v. United States,* 2004 WL 2085528 (S.D.N.Y. 2004); *Nat'l RR Passenger Corp. v. United*
25 *States ("Amtrak"),* 338 F. Supp. 2d 22 (D.D.C. 2004); *Reese Brothers, Inc. v. United States,* 2004 WL 2901579 (W.D. Pa. 2004); *Honeywell Int'l, Inc. v. United States,* 64 Fed. Cl. 188 (2005);
26 *America Online, Inc. v. United States ("AOL"),* 64 Fed. Cl. 571 (2005).  In all six cases, the court granted the taxpayer's motion summary judgment, holding that the plain meaning of section 4252(b)(1) is
27 that charges must vary with both distance and elapsed time to be taxable.  Plaintiff notes that the *Fortis* court denied summary judgement for the taxpayer based on inbound service.  In *American Bankers Ins.*
28 *Group v. United States,* the district court granted summary judgment in favor of the IRS, 308 F. Supp. 2d 1360 (S.D. Fla. 2004), but was recently reversed on appeal, 408 F.3d 1328 (11th Cir. 2005).

ORDER GRANTING PLAINTIFF SUMMARY JUDGMENT— C-04-03832 RMW
JED                                                    4

1    The IRS argues next that the statute's purpose and legislative history demonstrate the disputed

2    services were a "toll telephone service."  Because the statute is unambiguous, the court need not inquire

3    further as to the purpose or intent of Congress: "Where the statutory text is unambiguous the inquiry ends."

4    *American Bankers,* 408 F.3d at 1333 (citing *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 183

5    (2004)).

6    Nevertheless, the court is persuaded that the legislative history supports its present holding.  As

7    noted in *American Bankers,* "Congress was seeking to modify and narrow the definition and to phase this

8    excise tax out entirely by 1969.  Congress could have amended the language in 1965 to include broad

9    terms able to adapt to technological changes; instead, Congress specifically defined 'toll telephone service'

10   with an eye toward the tax expiring four years later."  408 F.3d at 1333; *see also Office Max,* 309 F.

11   Supp. 2d at 1000 ("The Court must presume that Congress meant what it said when it tailored the definition

12   of taxable 'toll telephone service' to include distance and time requirements, particularly in light of the overall

13   goal of the [1965] Act to reduce and restrict the application of federal excise taxes.").

14   Next, the IRS argues that Revenue Ruling 79-404, which supports a disjunctive interpretation of

15   the word "and," should be given *Chevron* deference in interpreting section 4252(b)(1).  Plaintiff counters

16   that Revenue Ruling 79-404 disregards the plain language of section 4252(b)(1) and therefore is not

17   entitled to deference.  *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837,

18   842-43 (1984).

19   Under *Chevron,* if the congressional intent is clear, the inquiry ends: "If the intent of Congress is

20   clear, that is the end of the matter; for the court, as well as the agency, must give effect to the

21   unambiguously expressed intent of Congress." *Chevron,* 467 U.S. at 842-43.  Only if the statute is silent

22   or ambiguous, does the court move on to evaluate agency interpretation. *Id.*  Since the court has

23   concluded the statute is unambiguous, it need not give deference to Revenue Ruling 79-404, nor determine

24   the proper level of deference. *American Bankers,* 408 F.3d at 1335.

25   Finally, the IRS argues that even if the telephone services provided were not within the express

26   terms of the statute, Congress should be deemed to have intended it so based on the Reenactment

27   Doctrine.  The Reenactment Doctrine states that longstanding IRS and Treasury interpretations of the Code

28

1   are entitled to great deference when Code provisions they interpret have been re-enacted by Congress.

2   *United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 220 (2001).

3         Plaintiff counters that the Reenactment Doctrine is not applicable because the statutory language at

4   issue is unambiguous. "In determining whether a particular regulation carries out the congressional mandate

5   in a proper manner, we look to see whether the regulation harmonizes with the plain language of the statute,

6   its origin, and its purpose." *National Muffler Dealers Ass'n, Inc. v. United States,* 440 U.S. 472, 477

7   (1979).  *See also Peoples Federal Sav. and Loan Ass'n of Sidney v. C.I.R.,* 948 F.2d 289, 302 (6th

8   Cir. 1991) ("The re-enactment doctrine is merely an interpretive tool fashioned by the courts for their own

9   use in construing ambiguous legislation. It is most useful in situations where there is some indication that

10  Congress noted or considered the regulations in effect at the time of its action.").

11        The IRS contends that after Revenue Ruling 79-404 was published, Congress extended and then

12  made permanent the provisions of the 1965 Act taxing local and toll telephone service.  Opp. at 16-17.

13  Plaintiff contends there is no indication in the legislative history that Congress was aware of Revenue Ruling

14  79-404 at the time of re-enactment:

15          [T]he reenactment doctrine cannot alter the plain meaning of the statute, and,
    moreover, there is nothing to indicate the Congress adopted, tacitly or otherwise,

16          the interpretation presented in Revenue Ruling 79-404.  The Revenue Ruling was
    limited to the narrow issue of ship-to-shore communications, and there is no

17          evidence that the Ruling was ever cited or applied between 1979 and the latest
    congressional reenactment in 1998.  While the Ruling was issued over twenty

18          years ago, it is not comparable o the longstanding treasury regulations in
    *Cleveland Indians Baseball* and *College Savings*.  Ultimately, there is no

19          indication that Revenue Ruling 79-404 was brought to the attention of Congress
    or that Congress in any subsequent reenactments considered the question involved

20          in the Ruling.

21  *Fortis,* 2004 WL 2085528 at *12.  The court also notes that in *Cleveland Indians,* the plain language of

22  the statute and the regulation at issue were not incompatible.  *Cleveland Indians Baseball Co.,* 532 U.S.

23  at 220.

24        The court's conclusion is in accord with the six other courts that have held that the Reenactment

25  Doctrine does not apply to section 4252(b)(1)[2]:

26          [N]ot only is the statutory language clear under § 4252(b)(1), but there is nothing
    to indicate that Congress was aware of Revenue Ruling 79-404, 1979-2 C.B. 382

27

28      [2]   *Office Max,* 309 F. Supp. 2d 984, 1005; *Fortis, Inc,* 2004 WL 2085528, *11-12; *Reese Brothers, Inc.,* 2004 WL 2901579, *11; *Honeywell Int'l, Inc.,* 2005 WL 375601, *8; *AOL,* 64 Fed.Cl. at 581; and *American Bankers,* 408 F.3d at 1335-36.

1

2

3

4

when it subsequently amended and re-enacted this taxing statute. The legislative history reveals no mention of Revenue Ruling 79-404, 1979-2 C.B. 382 nor does the record reveal consideration of the issue raised in the Ruling. *See, e.g., Office Max*, 309 F.Supp. 2d at 1004-1005. Thus, there is nothing to indicate Congress was aware of Revenue Ruling 79-404, 1979-2 C.B. 382 when the taxing provisions were re-enacted.

*American Bankers,* 408 F.3d at 1335-36.

5

6

### 2.    Section 4252(b)(2)

7

8

9

10

The IRS argues in the alternative that the communications service provided to HP and Compaq constitutes "toll telephone service" within the meaning of section 4252(b)(2) because it (1) provides the right to an unlimited number of calls to points in a specified area outside the local telephone system area, and (2) is subject to charge that is both periodic and determined either as a flat amount or upon the basis of total elapsed transmission time.

11

12

13

14

HP counters that the services did not allow either company to make unlimited calls for a flat amount or periodic charge. Blesi Decl. ¶ 6; Webb Decl. ¶ 6. The services were not billed as a flat rate, but were charged based on the duration of each call. Blesi Decl. ¶ 5; Webb Decl. ¶ 5. Thus, plaintiff argues, the services do not constitute "toll telephone service" by the IRS's own definition:

15

16

17

18

19

20

21

Taxpayer argues that it purchases services described in § 4252(b)(2). Taxpayer emphasizes that the charge for each services is based upon total elapsed transmission time as used in the parenthetical in § 4252(b)(2). However, the charges for services are determined on the basis of the duration of each call. Unlike local service, Taxpayer does not pay a fixed amount in advance for an unlimited number of calls. Thus, the Services are similar to the service in Revenue Ruling 79-404 that was held to be described in §4252(b)(1), not §4252(b)(2). That is, the Services in question do not entitle Taxpayer to an unlimited number of calls to a specified area for which a charge is made based on flat fee or elapsed transmission time, but rather provide Taxpayer with telephone service for which Taxpayer is charged an amount that varies based upon the duration of each call.

22

IRS National Office Technical Advice Memorandum 200227008 (March 8, 2001).[3]

23

24

25

There is no dispute, and the service contracts reflect, that HP and Compaq were charged based on the duration of each call. Blesi Decl., Ex. A; Webb Decl., Ex. A. Thus, the services did not constitute "toll telephone service" within the meaning of section 4252(b)(2).

26

27

28

---

[3]    *See also* Technical Advice Memorandum 199923002 (February 19, 1999); Technical Advice Memorandum 97100003 (November 19, 1996); and Technical Advice Memorandum 2000009005 (November 8, 1999).

1

**C.      Applicability of Section 4252(a) "Local Telephone Service"**

2

The IRS argues that if this court were to conclude that the services are not "toll telephone service,"

3

then they are taxable as local telephone service, because the system accessed by HP and Compaq was

4

arguably "local" in that they are not specifically excluded by the statute, which was "obviously designed to

5

be comprehensive."  Opp. at 22.  Section 4252(a) defines "local telephone service" as follows:

6

(1) the access to a local telephone system, and the privilege of telephonic quality
communication with substantially all persons having telephone or radio telephone
stations constituting a part of such local telephone system, and

7

(2) any facility or service provided in connection with a service described in
paragraph (1).

8

The term "local telephone service" does not include any service which is a "toll
telephone service" or a "private communication service" as defined in subsections
(b) and (d).

9

10

26 U.S.C. § 4252(a).

11

Plaintiff counters with two arguments supported by recent court decisions on this matter: (1) "The

12

fact that certain exemptions are specified does not mean that anything not expressly exempted is taxed,'"

13

*American Bankers,* 408 F.3d at 1338 (quoting *AOL,* 64 Fed. Cl. at 582-83); and (2) the IRS's

14

interpretation is at odds with the plain meaning of the statute.  *Fortis,* 2004 WL 2085528 at *15 ("It is

15

hardly a plain or natural reading of the statute to claim that the entire United States is part of one 'local

16

telephone system.'"); *Honeywell,* 64 Fed. Cl. at 203 (same); *Office Max,* 309 F. Supp. 2d at 1007

17

("[T]here is no basis upon which to find that the long-distance service at issue herein falls within the

18

statutory definition of 'local telephone service.'").  "It is inconceivable that Congress considered a

19

nationwide telecommunications network to be 'local.' The text of the statute belies such an interpretation."

20

*Amtrak,* 338 F.Supp.2d at 30.

21

The court agrees with the reasoning of numerous other courts that the plain language of section

22

4252(a) does not support the IRS's argument that the nationwide and international service at issue is "local."

23

Therefore, the statute does not apply to the disputed services.

24

**III.  ORDER**

25

For the foregoing reasons, the court GRANTS HP's motion for summary judgment of liability

26

against the IRS.  The parties shall confer regarding the total amount to which HP is entitled and, if possible,

27

28

1 stipulate as to the amount to which HP is entitled.  After the damages issue is resolved, the court will enter a

2 final judgment.

3

4 DATED:      8/5/05                              /s/ Ronald M. Whyte

5                                        RONALD M. WHYTE
                                         United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Notice of this document has been electronically sent to:**

2   **Counsel for Plaintiff(s):**

3   Leslie Holmes                 lholmes@hoganlaw.com
     Mark Vincent Boennighausen     mvb@hoganlaw.com

4   Thomas R. Hogan            trh@hoganlaw.com

5   **Counsel for Defendant(s):**

6   David L. Denier             david.denier@usdoj.gov

7

8   Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
     e-filing under the court's CM/ECF program.

9

10

11   **Date:**      8/5/05                       /s/ MAG
                                                  **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28